UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Mark Shallal,<br>        Plaintiff,<br><br>v.<br><br>Robert Gates, Secretary of the Defense,<br>Francis Harvey, Secretary of the Army, and<br>L-3 Communications (Titan Group),<br><br>        Defendants. | Case: 1:07-cv-2154 (RMC) |

UNOPPOSED MOTION FOR MORE DEFINITE
STATEMENT BY L-3 COMMUNICATIONS

Pursuant to F.R.Civ.P. 12(e), Defendant L-3 Communications (Titan Group) [now known as L-3 Services, Inc.] moves the Court for an order directing Plaintiff Mark Shallal ("Shallal") to prepare and file a more definite statement of his claims set forth in Counts I through VII of his complaint. The reasons for this Motion are set forth in the accompanying Memorandum in Support. A proposed order is attached.

Pursuant to Local Rule 7(m), undersigned counsel conferred with plaintiff Shallal's counsel regarding this Motion, and he indicated that he would not oppose this Motion.

Respectfully submitted,

/s/
Michael J. Murphy, Bar No. 01482791
Ogletree Deakins Nash Smoak and
  Stewart, P.C.
Fifth Floor, 2400 N Street, N.W.
Washington, D.C. 20037
(202) 887-0855

Dated: February 6, 2008

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mark Shallal,<br>      Plaintiff,<br><br>v.<br><br>Robert Gates, Secretary of the Defense,<br>Francis Harvey, Secretary of the Army, and<br>L-3 Communications (Titan Group),<br><br>      Defendants. | Case: 1:07-cv-2154 (RMC) |

MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR MORE DEFINITE
STATEMENT BY L-3 COMMUNICATIONS[1]

INTRODUCTION

In his complaint, plaintiff Mark Shallal ("Shallal") allegedly pleads a total of nine Counts. According to paragraph 25 of his complaint, Shallal bring Counts I-VI against L-3 Communications (Titan Group) [now known as L-3 Services, Inc.].[2] Count VII is brought against Titan, Robert Gates as Secretary of Defense, and Francis Harvey as Secretary of the Army. Counts VIII and IX are brought solely against Secretary Gates and Secretary Harvey in their official capacity.[3] As even a cursory review of the

---

[1] As noted in the Consent Motion to Extend Time to Answer or otherwise Move, the instant case is related to *Nattah v. George Bush, et al.*, Civil Action No. 06-cv-00700 (RCL). On February 5, 2008, L-3 Communications filed a Motion to Consolidate the Shallal case with the Nattah case before Judge Lamberth.

[2] For purposes of this Memorandum and to avoid unnecessary confusion, L-3 Services will refer to itself as "Titan" because this is the nomenclature that Shallal uses in the allegations of his complaint.

[3] Counts VIII and IX, however, are entirely missing from the complaint.

complaint shows, the Counts are supported by overly vague and ambiguous allegations lacking in specificity, depriving Titan of its basic right to have fair notice of the allegations against it in order to prepare a responsive pleading or otherwise move. As a result, Titan is moving the Court for an order that Shallal be directed to file a more definite statement with respect to the counts against Titan pursuant to F.R.Civ.P. 12(e). Pursuant to Local Rule 7(m), undersigned counsel conferred with plaintiff Shallal's counsel regarding this Motion, and he indicated that he would not oppose this Motion.

## ARGUMENT

It is well established that a court will order a plaintiff to file a more definite statement under F.R.Civ.P. 12(e) "where the pleading is 'so vague or ambiguous that a party cannot reasonably be required to frame a respons[e].'" *McQueen v. Woodstream Corporation*, 244 F.R.D. 26, 35 (D.D.C. 2007). This is especially true where a plaintiff, as here, has brought claims of fraud. *Id.* at 34-35. Under F.R.Civ.P. 9(b), a plaintiff is to plead fraud with "particularity" and this requires that the plaintiff must specify "the who, what, when, where, and how" with respect to the circumstances of the alleged fraud. *Id.*

In the instant complaint, the gravamen appears to be to that Titan allegedly misled Shallal into accepting a position as a translator in Kuwait through a series of fraudulent misrepresentations, but Shallal does not specify "the who, what, when, where, and how" of this alleged fraud. For example, in Count I, paragraph 31, Shallal alleges "Defendant Titan tricked Shallal into going to Kuwait by 'giving of ... payments' as the term is used in the Protocol. The defendant perpetrated a 'deception' upon plaintiff by telling him he would be a translator in Kuwait when in fact he was being sent to be a spy Iraq." Yet, nowhere in the complaint does Shallal specify who – which agents of Titan, by name –

2

allegedly "tricked" him, what exactly these individuals allegedly said, when and where they allegedly "tricked" him, what "payments" he was given, who allegedly paid him, where he was allegedly paid, and what "Protocol" he is referring to. Without this kind of specificity, Titan is unfairly prejudiced from preparing and framing a meaningful response to Count I of the complaint.

Unfortunately, the same vagueness present in the allegations in support of Count I is equally present in the remaining Counts against Titan. For example, Count II is a breach of contract claim based on Kuwaiti law regarding the alleged mishandling of Shallal's application for a security clearance, but nowhere in Count II does the complaint specify which Kuwaiti law has been violated or who at Titan allegedly mishandled and deceived him regarding his application. Count III is brought as a claim under the False Claims Act in which Shallal alleges that Titan allegedly over-billed the government by misrepresenting the status of employees' security clearances. Complaint, ¶ 50. However, the complaint fails to specify which agents of Titan allegedly made these alleged misrepresentations to the government, when they were made, how they were made, and where they were made. Just as F.R.Civ.P 9(b) requires that fraud be pled with specificity with respect to a common law claim of fraud, as pled in Count I of Shallal's complaint, the requirements of F.R.Civ.P 9(b) also require the same kind of specificity with respect to claims under the False Claims Act. *United States of America, ex rel. Totten v. Bombardier Corporation and Envirovac, Inc.*, 286 F.3d 542, 551-52 (D.C. Cir. 2002). Shallal's Count III does not meet this standard and a more definite statement by Shallal is required by the Federal Rules.

Counts IV through VII are similarly deficient. Count IV alleges a violation of Iraqi employment law with respect to pay and benefits allegedly owed to Shallal. The complaint appears to contain an excerpt from some alleged Iraqi labor code, but the excerpt is lacking any full citation, an effective date, definition of the term "employer" or covered "injury" under the purported provision, and offers no explanation as to who translated the purported excerpt into English. Count V alleges a wrongful discharge claim under international law, but fails to provide specific citations to which international laws have been violated other than vague allegations to the Geneva Convention. Likewise, in Count VI, Shallal seeks "declaratory judgment to invalidate provisions of the United States federal common law, Department of Defense Regulations, the Federal Tort Claims Act, which violate ... the Hague Convention." Complaint, ¶ 73. However, no where in Count VI does Shallal specify which federal common law or Department of Defense Regulations he is challenging. And, finally, in Count VII, Shallal challenges the alleged mishandling of his security clearance application as a denial of substantive and procedural due process, but fails to specify who made the challenged statements, when the challenged statements were made, and where the statements were made on which he so heavily relied.

In short, while Titan is mindful of the relaxed notice pleading requirements under F.R.Civ.P 8(a), the instant complaint filed by Shallal fails to meet this standard. Furthermore, all the Counts based on underlying claims of fraud must meet the heightened pleading requirements of F.R.Civ.P. 9(b). The allegations of the complaint do not do that here, the allegations are overly vague, and do not give Titan proper notice for purposes of preparing and framing a response.

## CONCLUSION

For all the foregoing reasons, L-3 Communications' (Titan Group) [now known as L-3 Services, Inc.] Unopposed Motion for a More Definite Statement pursuant to F.R.Civ.P 12(e) should be granted.

Respectfully submitted,

/s/
Michael J. Murphy, Bar No. 01482791
Ogletree Deakins Nash Smoak and
   Stewart, P.C.
Fifth Floor
2400 N Street, N.W.
Washington, D.C. 20037
(202) 887-0855

Dated: February 6, 2008

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Mark Shallal,<br>       Plaintiff,<br><br>v.<br><br>Robert Gates, Secretary of the Defense,<br>Francis Harvey, Secretary of the Army, and<br>L-3 Communications (Titan Group),<br><br>       Defendants. | )<br>)<br>)<br>)<br>)   Case: 1:07-cv-2154 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

After considering the Unopposed Motion filed by Defendant L-3 Communications (Titan Group) [now known as L-3 Services, Inc.] for a More Definite Statement, it is this _____ day of _____, 2008

ORDERED that Plaintiff Shallal prepare and file a more definite statement of the counts in his Complaint against Defendant L-3 Communications (Titan Group) on or before _____, 2008.

 

_____
Rosemary M. Collyer
United States District Court Judge
for the District of Columbia

Copies to:

    Michael J. Murphy, Esq.
    Ogletree Deakins Nash Smoak and Stewart, P.C.
    Fifth Floor
    2400 N Street, N.W.
    Washington, D.C. 20037


    Michael J. Beattie, Esq.
    2663 Manhattan Place
    Suite 106
    Vienna, Virginia 22180


    Brian Christopher Baldrate
    U.S. Attorney's Office for the District of Columbia
    555 Fourth Street, N.W.
    Washington, D.C. 20530