IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK SHALLAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-2154 (RCL) |
| ) | |
| ROBERT GATES, et. al. ) | |
| Secretary of the Defense ) | |
| ) | |
| Defendants. ) | |

## FEDERAL DEFENDANTS' MOTION TO DISMISS

Federal Defendants, through the undersigned counsel, respectfully move to dismiss this case pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. In support of this Motion, federal Defendants respectfully submit the attached memorandum of points and authorities, and a proposed order.

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

\_\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

\_\_/s/_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
555 Fourth St., N.W., Room E4408
Washington, D.C. 20530
202-353-9895

OF COUNSEL:
Major Lanny Acosta, Jr.
U.S. Army Litigation Division
Arlington, VA 22203-1837

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARK SHALLAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-2154 (RCL) |
| ) | |
| ROBERT GATES, et. al. ) | |
| Secretary of the Defense ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF FEDERAL DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff's 86 paragraph Complaint alleges various claims against Robert Gates, Secretary of the United States Department of Defense, Frances Harvey, former Secretary of the United States Army,[1] and L-3 Communications, all in connection with Plaintiff's alleged work in Kuwait and Iraq for Defendant L-3 Communications and Titan Group. Plaintiff claims the named federal defendants violated Plaintiff's constitutional right to substantive and procedural due process of law. He further claims that the Federal Tort Claims Act violates the Hague Convention. Plaintiff seeks injunctive and declaratory relief, and compensatory and punitive damages.

Plaintiff's Complaint against federal Defendants is legally and factually defective and, therefore, should be dismissed for lack of jurisdiction and failure to state a claim for which relief can be granted. Specifically, the only count enumerated by the Plaintiff against the federal

---

[1] Pete Geren became Secretary of the United States Army on July 16, 2007 and is substituted as named Defendant pursuant to Fed R. Civ. P. 25(d)(2).

Defendants seeks undefined relief based upon an alleged deprivation of a liberty interest in Plaintiff's security clearance application.  However, Plaintiff admits that the application was never submitted to the government.  (Compl., ¶ 16.)  Moreover, to the extent that Plaintiff alleges rights as a third party beneficiary of the contract between the United States and Titan, this Court lacks jurisdiction to hear such claims.  Additionally, to the extent Plaintiff attempts to bring a claim on behalf of the United States under the False Claims Act, 31 U.S.C. §§ 3729-33, Plaintiff failed to comply with any provision of the statute.

Plaintiff brings Counts I - VI solely against Titan.  However, he appears to seek relief against the United States in Counts I, II, III, and VI. (Id. ¶ 25.)  Plaintiff brings Count VII against Titan and the named federal Defendants in their official capacity. (Id.)  Plaintiff refers to Counts VIII and IX in paragraph 25 of his Complaint, but no such Counts are found in the body of the Complaint. (Compl.)

Count I, Slavery Human Trafficking, and Fraud, alleges that Defendant Titan "tricked him into permitting Titan to transport him to Kuwait." (Id. ¶ 27.)  Plaintiff further alleges that Defendant Titan then failed to properly submit his application for a security clearance. (Id.)  In addition to the claims against Titan, Plaintiff seems to assert a claim as a subcontractor or  "third party beneficiary of the contract between the government and Titan." ( Id. ¶ 34.)

Count II, Breach of Contract, alleges that Defendant Titan breached its contract with Plaintiff by failing to "promptly and accurately submit his application for a permanent clearance." (Id. ¶ 37.)  Again in Count II, Plaintiff "premises the breach of contract claim. . . as a beneficiary of the government's contract with Titan," presumptively this is a claim against the United States.  (Id. ¶ 36.)

Count III, False Claims Act and Whistle Blower, alleges that Defendant Titan "required as a condition of employment to guess at questions on the clearance application." (Id. ¶ 45.) Plaintiff alleges that Titan purposefully withheld security clearance applications in order to defraud the United States. (Id.)  Plaintiff claims to have brought this practice to the attention of Titan officials as well as "reporting that some of the Titan employees working on the contract were a security risk." (Id. ¶ 47.)  Count III appears to be an attempt to bring a Qui Tam action against Titan.

Count IV, Iraqi Employment Law, alleges that Defendant Titan failed to compensate Plaintiff in accordance with Iraqi Law. (Id. ¶ 59.) Plaintiff also makes allegations against Titan based upon a Status of Forces Agreement.[2]

Count V, Violations of International Law and Wrongful Discharge, asserts a cause of action under the Alien Tort Claims Act. (Id.. ¶ 61.)[3]  Plaintiff cites "Article 36" and "Article 39"of the Geneva Convention as the basis for his claim of wrongful termination against Defendant Titan. (Id. at ¶¶ 63, 67.)   However, there are numerous "Geneva Conventions" and Plaintiff fails to specify which Convention he is alleging Defendant violated.

Count VI, U.S. Common Law and Federal Tort Claims Act Violate Hague Convention and Due Process, "seeks a declaratory judgment to invalidate provision [sic] of United States federal common law, Department of Defense regulations, the Federal Tort Claims Act which

---

[2] To date, no Status of Forces Agreement between the United States and the Republic of Iraq exists. See IRAQ: POST-SADDAM GOVERNANCE AND SECURITY 14 (Congressional Research Service Report to Congress 31339, updated March 14, 2008).

[3] Count V also contains a reference to "Plaintiff Nattah" in paragraph 63, apparently an erroneous inclusion of the name of a separate plaintiff represented by the same counsel.

allegedly violate the Hague Convention." (Id. ¶ 73.) Additionally, Plaintiff claims "economic losses due to the United States military's demand that they [sic] accompany American forces during the invasion of Iraq," apparently a claim against the United States. (Id. ¶ 74.) Plaintiff allegedly brings this count under the Alien Tort Claims Act, 28 U.S.C. § 1350. (Id. ¶ 72.) Plaintiff again refers to "The Status of Forces Agreement," and that its purpose is allegedly "to prevent Iraqi claimants from having access to U.S. Courts," and seeks "a declaratory judgment to find provisions of the SOFA are illegal." (Id. ¶ 74.) The Plaintiff asks this Court to interpret the War Crimes Act as superceding the Federal Tort Claims Act. (Id. ¶ 78.) Plaintiff also claims that "[f]iling a motion to dismiss seeking to prevent Shallal from bringing claims under the Hague Convention would in of itself constitute a war crime." (Id.)

Count VII, Denial of Substantive and Procedural Due Process, claims that Shallal's application for a security clearance "was never denied but instead the application is pending, because the Department [of Defense] is waiting for Titan to submit necessary paperwork." (Id. ¶ 80.) Count VII is the only count in the Complaint that Plaintiff explicitly brings against the federal Defendants. (Id. ¶ 25.) Plaintiff brings this action against the named federal Defendants in their official capacities, based upon a non-specified right to process of his security clearance application. ( Id. ¶¶ 25, 86.)

## ARGUMENT

### I.    LEGAL STANDARDS

A suit against a federal employee in his official capacity constitutes a suit against the United States. Kentucky v. Graham, 105 S. Ct. 3099 (1985). Federal Defendants move for dismissal under Rule 12(b)(1), as the Court lacks subject matter jurisdiction over the subject

matter of Plaintiff's claims against these Defendants, and under Rule 12(b)(6), as Plaintiff fails to state a claim against them upon which relief can be granted.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the Plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), aff'd 38 Fed. Appx. 4 (D.C. Cir. 2002).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004).  In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence."  Thompson, 120 F. Supp. 2d at 81; Vanover, 77 F. Supp. 2d 91 at 98.

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also In re Sealed Case, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing Twombly).  Hence, the focus is on the language in the Complaint, and whether that language sets forth sufficient factual allegations to support Plaintiff's claims for relief.

The Court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived

from the facts as they are alleged in the Complaint. Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the Complaint. Kowal, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." Id.

As a general matter, the Court is not to consider matters outside the pleadings, per Rule 12(b), without converting Defendant's motion to a motion for summary judgment. However, the Court may also consider "any documents either attached to or incorporated in the complaint and matters of which [it] may take judicial notice." EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997). The D.C. Circuit approved judicial notice of public records on file at a government agency in Kaempe v. Myers, 367 F.3d 958, 965 (D.C. Cir. 2004) (patent assignment records on file with the Patent Trademark Office). See also Trudeau v. FTC, 456 F.3d 178, 183 (D.C. Cir. 2006) (press release and agency order attached to plaintiff's complaint); In re Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005) (statements attached to complaint that undermined inference advocated by plaintiff).

Finally, factual allegations raised in subsequent filings such as briefs or memoranda of law may not be considered by the Court in deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint. Henthorn v. Dep't of Navy, 29 F.3d 682, 688 (D.C. Cir.1994); McManus v. District of Columbia, --- F. Supp. 2d ---, 2007 WL 457342 (D.D.C. Dec. 31, 2007).

## II. PLAINTIFF'S DUE PROCESS CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendants assume, relying upon the language of the Complaint, that Count VII, alleges a liberty interest based upon the Fifth Amendment to the Constitution. The Fifth Amendment states, *inter alia*, that "no person...shall be deprived of life, liberty, or property without due process of law." Procedural due process is only required when an individual is deprived of a property or liberty interest. See Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972). "Only if the court first finds that a 'liberty' or 'property' interest is affected will it go on to a balancing of interests analysis to determine what level of procedural protection is appropriate." Mazaleski v. Treusdell, 562 F.2d 701, 709 (D.C. Cir. 1977). The Supreme Court has stated that "it should be obvious that no one has a 'right' to a security clearance." Department of the Navy v. Egan, 484 U.S. 518, 528 (1988). Nonetheless, an employee of a contractor may have a liberty interest in the denial of a security clearance if the denial either (a) excludes the employee from a definite range of employment; or (b) broadly precludes the employee from continuing a chosen career. Kartseva v. Department of State, 37 F.3d 1524, 1527 (D.C. Cir. 1994). Plaintiff alleges that the denial of a clearance "is deemed to mean that the employee is not trustworthy." (Compl. ¶ 7.) The Egan court held however, that "a clearance does not equate with passing judgment upon an individual's character." Egan, 484 U.S. 518 at 529.[4]

Plaintiff makes several inconsistent allegations about his application for a security clearance. First, he claims that it was denied because Titan "never submitted any permanent security data to the government." (Compl. ¶ 16.) Next, he alleges that Titan "failed to process

---

[4] If Plaintiff had applied for a security clearance and alleged that the federal Defendants denied that application, Plaintiff still could not allege any deprivation of a property interest. Doe v. Cheney, 885 F.2d 898, 909 (D.C. Cir. 1989).

7

the paperwork or submit it to the government." (Id. ¶ 37.) Finally, he alleges that he does not know whether or not his application for clearance was denied despite another claim that an unnamed "[S]pokesperson for the Department of Defense," informed him that his application was "never denied but instead the application is pending, because the Department is waiting for Titan to submit necessary paperwork." (Compl. ¶¶ 80, 83.) Plaintiff does not allege that he was prevented or terminated from employment with Defendant Titan on the basis of his security clearance status. Rather, Plaintiff alleges that his employment was terminated twice by Titan, once following his refusal to participate in a cross border mission prior to the U.S. invasion of Iraq in 2003, and again following an alleged injury while employed with Titan in 2007. (Compl. ¶ 24.) Simply put, Plaintiff fails to adequately allege any government action in his Complaint. The only reference to a "denial" is based upon alleged actions of Defendant Titan and not of any alleged actions of the federal Defendants.

Federal Defendants have no record of any application for a security clearance by or for the Plaintiff. (Def. Ex. 1, Declaration of William Loveridge.) If any application for a security clearance was created by or for Plaintiff, it appears to never have been submitted to the federal Defendants (Id.) Given these facts, which are consistent with the factual assertions in Plaintiff's Complaint, Plaintiff would have no cause of action against the federal Defendants. Since there is no alleged action or inaction by the federal Defendants on Plaintiff's application for a security clearance, there can be no deprivation of liberty interest.

### III.   THERE IS NO JURISDICTION FOR PLAINTIFF'S CLAIMS AS A THIRD PARTY BENEFICIARY OR SUBCONTRACTOR

To the extent that Plaintiff, as alleged in Counts I and II, brings a claim against the United States as a third party beneficiary or subcontractor of a contract between the United States and Defendant Titan, Plaintiff's claims must be dismissed. While the federal government has waived sovereign immunity for claims arising out of an express or implied contract, the courts have refused to extend that waiver of sovereign immunity to claims filed by parties who lack privity of contract with the government. Merrit v. United States, 267 U.S. 338, 340-341 (1925); United States v. Munsey Trust Co., 332 U.S. 234, 241 (1947); United States Fidelity & Guaranty Co. v. United States, 475 F.2d 1377, 1381 (Ct. Cl. 1973).

To establish this Court's jurisdiction over a contract claim, Plaintiff must demonstrate privity of contract between itself and the United States. Merrit v. United States, 267 U.S. 338, 340-341 (1925)(no jurisdiction pursuant to the Tucker Act because there was no privity between the subcontractor and the United States); National Leased Housing Assoc. v. United States, 105 F.3d 1423, 1435-47 (Fed. Cir. 1997)(privity of contract with the United States is required to establish jurisdiction). The requirements for demonstrating a binding contract with the federal government are strictly construed. See generally City of El Centro v. United States, 922 F.2d 816, (Fed. Cir. 1991). To prove an implied in fact contract with the federal government, the Plaintiff must allege: 1) mutuality of intent to contract; 2) consideration; 3) lack of ambiguity in offer and acceptance; and 4) the government representative whose conduct is relied upon has actual authority to bind the government. Id. at 820. Plaintiff does not allege any facts that remotely approach the elements for privity of contract. As a result any claims based upon his alleged status as a third party beneficiary or subcontractor must be dismissed.[5]

---

[5] Under the Tucker Act this Court lacks jurisdiction o fa contract claim in excess of $10,000. 28 U.S.C. §§1346(a)(2) & 1491.

## IV. PLAINTIFF FAILED TO COMPLY WITH THE QUI TAM PROVISIONS OF THE FALSE CLAIMS ACT

Plaintiff's claim in Count III, which purports to bring a *Qui Tam* claim on behalf of the government, fails to comply with the requirements of 31 U.S.C. §3730. Section 3730 states in pertinent part:

> (b) Actions by private persons
>
> (1) A person may bring a civil action for violation of section 3729 [*31 USCS 3729*] for the person and for the United States government. The action shall be brought in the name of the government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.
>
> (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to *Rule 4(d)(4) of the Federal Rules of Civil Procedure*. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

(emphasis in original). Plaintiff has failed to bring the action in the name of the government and has instead included the named federal Defendants in their official capacity. Additionally, the Complaint was not filed in camera, nor was it served, along with "all material evidence and information the person possesses," upon the government in accordance with the Federal Rules of Civil Procedure. To the extent that any portion of this claim is against the United States, based upon Plaintiff's failure to comply with the False Claims Act, that claim should be dismissed.

## V. THE COURT LACKS JURISDICTION TO HEAR PLAINTIFF'S CLAIMS UNDER INTERNATIONAL AGREEMENTS

Plaintiff alleges in Count VI that the Alien Tort Claims Act, 28 U.S.C. § 1350 "provides Shallal a vehicle through which to vindicate his rights under international law." (Compl. ¶ 72.) Plaintiff further "seeks declaratory judgment holding the government violated plaintiffs' rights

under the Hague Convention." (Id., ¶ 77.)   The United States, as sovereign, is immune from suit absent an express Congressional waiver of immunity.  See, e.g., Block v. North Dakota, 461 U.S. 273, 287 (1983).  As to the Alien Tort Claims Act, because "nothing in the language of this statue indicates that the United States has waived its sovereign immunity from tort suits for treaty violations."  Canadian Transp. Co. v. United States, 663, F.2d. 1081, 1092 (D.C. Cir. 1980).  Likewise, the Hague Convention[6] is similarly silent.   As Chief Justice Roberts recently pointed out in Medellin v. Texas, "Even when treaties are self-executing in the sense that they create federal law, the background presumption is that '[i]nternational agreements, even those directly benefitting private persons, generally do not create private rights or provide for a private cause of action in domestic courts.'" (internal citation omitted)  Medellin v. Texas, No. 06-984, 2008 U.S. Lexis 2912 at *27, fn. 3 (March 25, 2008).  Finally, Plaintiff alleges the War Crimes Act, 18 U.S.C. 2441 supercedes the Federal Tort Claims Act, 28 U.S.C. 2671 et seq. (Compl. ¶ 78.)  The War Crimes Act criminalizes acts committed by individuals in violation of various provisions of international humanitarian law, most notably those listed in common Article 3 of the Geneva Conventions.[7]   It contains no language that expressly or impliedly waives sovereign immunity or purports to supercede the Federal Tort Claims Act.  18 U.S.C. 2441.  Accordingly, Plaintiff's request for declaratory relief should be denied.

---

[6] While unspecified in the Complaint, Defendants assume that Plaintiff is referring to the Convention Respecting the Law and Customs of War on Land, Oct. 18, 1907, 36 Stat 2277, TS No. 539.

[7] "Geneva Conventions" refers to the Convention for the Amelioration of the Condition of the Wounded and Sick in Armed Forces in the Field, Aug. 12, 1949, 6 U.S.T. 3217; the Convention for the Amelioration of the Condition of the Wounded and Sick and Shipwrecked members of the Armed Forces at Sea, Aug. 12 1949,  6 U.S.T. 3217; the Convention Relative to the Treatment of Prisoners of War, Aug. 12, 1949, 6 U.S.T. 3316; and the Convention relative to the Protection of Civilian Persons in Time of War, Aug. 12, 1949, 6 U.S.T. 3516.

**CONCLUSION**

For the foregoing reasons, Plaintiff's claims against the federal Defendants should be dismissed in their entirety.

                                            Respectfully submitted,

                                            __/s/_____
                                            JEFFREY A. TAYLOR, D.C. Bar # 498610
                                            United States Attorney

                                            __/s/_____
                                            RUDOLPH CONTRERAS, D.C. Bar #434122
                                            Assistant United States Attorney

                                            __/s/_____
                                            BRIAN C. BALDRATE
                                            Special Assistant United States Attorney
                                            555 Fourth St., N.W.,  Room E4408
                                            Washington, D.C. 20530
                                            202-353-9895

OF COUNSEL:
Major Lanny Acosta, Jr.
U.S. Army Litigation Division
Arlington, VA 22203-1837

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK SHALLAL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-2154 |
| ) | |
| ROBERT GATES, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DECLARATION OF WILLIAM R. LOVERIDGE

I, William R. Loveridge, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Supervisory Personnel Security Specialist for the US Army Central Clearance Facility. I have served in this capacity since January 1987. I am responsible for supervising, mentoring and managing personnel who review reports of investigation and render security clearance determinations for all Army-affiliated personnel (active, reserve, national guard, and civilians and Sensitive Compartmented Information access for contractors).

2. In the course of my duties, I have access to the Joint Personnel Adjudication System (JPAS), a database containing clearance eligibility determinations for personnel affiliated with the Department of Defense and access to Office of Personnel Management-Security Investigations Index (OPM-SII) and the Defense Central Index of Investigations (DCII), databases which list reports of investigations conducted by authorized investigative agencies. I have reviewed the allegations made in the complaint made by Mr. Shallal and conducted a search of JPAS, OPM-SII and DCII using his name. I searched these data bases because if an application for a security clearance had been submitted by Mr. Shallal or by a contractor on

behalf of Mr. Shallal, it would appear in JPAS for two years after termination of affiliation, and OPM-SII and DCII for 15 years after completion of the investigation. The data bases do not reflect any application for security clearance or completed investigations for Mark Shallal.

3. Had Mr. Shallal applied for a security clearance through a contractor, he would have been notified of its approval or disapproval through his employer. Had the application been denied, Mr. Shallal would have afforded the procedures outlined in the Department of Defense Personnel Security Program Regulation 5200.2-R, Chapter VIII.

4. The statements in this declaration are based upon my personal knowledge, upon information available to me in my official capacity, and upon conclusions I drew based on that information and knowledge.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed at Fort Meade, Maryland this 1st day of April, 2008.

WILLIAM R. LOVERIDGE
Chief, C Branch
Adjudications Division
US Army Central Clearance Facility

**DECLARATION OF WILLIAM R. LOVERIDGE.**
2 OF 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK SHALLAL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 07-2154 (RCL) |
| ) | |
| **ROBERT GATES, et. al.** ) | |
| **Secretary of the Defense** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

Upon consideration of Federal Defendants' Motion to Dismiss, Plaintiff's Opposition, and the entire record of this case, it is hereby

**ORDERED** that Federal Defendants' Motion to Dismiss is **GRANTED**,

Dated this _____ day of _____, 2008.

_____
ROYCE C. LAMBERTH
United States District Judge

Copies to Parties via ECF