UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MARK SHALLAL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-2154 (RCL) |
| | ) | |
| **ROBERT GATES,** | ) | |
| **Secretary of Defense,** *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Now before the Court comes Secretary of Defense Robert Gates and Secretary of the Army Pete Geren's[1] ("Federal Defendants") motion [13] to dismiss. Also before the Court are plaintiff Mark Shallal's motion [9] for enlargement of time to file a motion for class certification and defendant L-3 Communications' ("L-3") unopposed motion [6] for a more definite statement. Upon full consideration of the parties' pleadings, the entire record herein, and applicable law, the Court finds, for the reasons set forth below, that the motions to dismiss and for a more definite statement will be GRANTED and that the motion for enlargement of time will be DENIED.

---

[1] Plaintiff named former Secretary of the Army Francis Harvey in his complaint. Secretary Geren is substituted as a named defendant pursuant to Federal Rule of Civil Procedure 25(d).

**I.    BACKGROUND**

Plaintiff is a former L-3 employee who worked in Iraq as a translator pursuant to a contract between the U.S. Government and L-3.[2]  (*See* Compl. ¶ 1.)  On November 29, 2007, plaintiff filed suit against L-3 and Federal Defendants asserting several causes of action arising out of his tenure with L-3.  In short, plaintiff submitted a seven-count complaint seeking relief based on factual allegations that (1) L-3 had a practice of both forcing employees to "guess at the information" required for their clearance paperwork and delaying submission of security clearance data so as to hold its employees in a "state of servitude," (*see id.* ¶¶ 7–8); (2) L-3 overcharged the government for plaintiff and other employees' services, (*see id.* ¶ 12); (3) L-3 deceived plaintiff into working in Iraq, (*see id.* ¶ 13); and, (4) Federal Defendants deprived plaintiff of a security clearance without due process, (*see id.* ¶¶ 17, 86).

**II.    ANALYSIS**

    A.    **Federal Defendants' Motion to Dismiss**

        1.    **Legal Standard**

Federal Defendants move to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  When a party files a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), "the plaintiff[ ] bear[s] the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *Biton v.*

---

[2] At the time of the events giving rise to the current dispute, plaintiff worked for the Titan Corporation.  (*See* Compl. ¶ 1.)  At some point, L-3 Communications acquired the Titan Corporation.  (*See id.* ¶ 4.)  The successor entity is known as L-3 Titan Group.  For the purposes of this Opinion, the Court makes no distinction among these entities and simply uses the term "L-3" to refer to them.

*Palestinian Interim Self-Gov't Auth.*, 310 F. Supp. 2d 172, 176 (D.D.C. 2004). A court considering a motion to dismiss for lack of jurisdiction must construe plaintiffs' complaint in plaintiffs' favor, accepting all inferences that can be derived from the facts alleged. *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), this Court will dismiss a claim if the plaintiff fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

### 2. Mootness as to Due Process Claim

Federal courts may decide only "actual, ongoing controversies." *Clarke v. United States*, 915 F.2d 699, 700–01 (D.C. Cir. 1990) (en banc) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). "Even where litigation poses a live controversy when filed, the doctrine [of mootness] requires a federal court to refrain from deciding it if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" *Id.* at 701 (quoting *Transwestern Pipeline Co. v. FERC*, 897 F.2d 570, 575 (D.C. Cir. 1990)). Article III confines a court's power to "resolving real and

substantive controversies admitting of specific relief through a decree of a conclusive character . . . ." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citation omitted).

In this case, plaintiff's Count VII alleges that he was deprived of due process when the "government did not provide Shallal any notice or any opportunity to be heard [prior] to taking away his ability to seek gainful employment." (Compl. ¶ 86.) Specifically, plaintiff contends that the government deprived him of a security clearance—a virtual prerequisite for plaintiff's job as an "Iraqi dialect translator"—without due process. (*See id.* ¶¶ 80, 84). However, Federal Defendants' reply brief establishes that plaintiff's eligibility for a security clearance was granted on April 15, 2008.[3] (*See* Reply at 1–2; Chrisman Decl., Ex. 1 to Reply, ¶ 6.) Thus, this claim is now moot and must be dismissed for want of jurisdiction.

### 3. Plaintiff Concedes Dismissal of Any Other Federal Defendant Claim

Upon service of a dispositive motion, this District requires that opposing parties serve and file a memorandum of points and authorities in opposition to the motion within eleven days. *See* LCvR 7(b). "If such a memorandum is not filed . . . , the court may treat the motion as conceded." *Id.* Further, "when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (citations omitted). The discretion to enforce this rule lies wholly within the district court.

---

[3] The Court recognizes that Federal Defendants' efforts to respond to plaintiff's pleadings were hampered by plaintiff's failure to include his name in the complaint as required by Federal Rule of Civil Procedure 10(a). Plaintiff's name is listed on the complaint as "Mark Shallal," but his security clearance paperwork was submitted using what this Court presumes is his legal name, "Manhal Sabah Shallal." (*See* Ltr. from Defense Security Service (May 9, 2006), Ex. 1 to Opp. to Mot. to Dismiss.) Federal Defendants were not aware of plaintiff's legal name—which understandably made it difficult to research his security clearance issue—until plaintiff filed an attachment to his opposition brief that happened to include the name.

*See FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997); *see also Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) (indicating that "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, [this Circuit] honor[s] its enforcement" of LCvR 7(b)).

Here, plaintiff's complaint explicitly sets forth only one cause of action against Federal Defendants: Count VII, the previously discussed due process claim.[4] (*See* Compl. ¶¶ 25, 79–86.) However, in Federal Defendants' view, plaintiff also appears to seek relief against the government in four additional counts.[5] (*See* Mot. to Dismiss at 2–4.) Thus, Federal Defendants' motion to dismiss sets forth legal arguments as to why they should be dismissed from this matter as to the additional claims. (*See id.* at 6–11.) Plaintiff's opposition brief fails to respond in any meaningful manner stating why Federal Defendants should not be dismissed as to these claims.[6] Consequently, to the extent that plaintiff's complaint asserts causes of action—other than Count VII—against Federal Defendants, those counts will be dismissed. *See Ray v. FBI*, 2007 WL 1404445, at *3 (D.D.C. May 10, 2007) (Lamberth, J.) (holding that "[a]bsent a meaningful opposition, . . . the Court treats defendant's motion as conceded").

---

[4] To be precise, plaintiff's complaint states that he also brings two additional counts against Federal Defendants: Counts VIII and IX. (*See* Compl. ¶ 25.) Yet, the complaint contains neither a Count VIII nor a Count IX.

[5] These counts are: Count I, "Slavery, Human Trafficking, and Fraud"; Count II, "Breach of Contract (Security Clearances) (Kuwaiti Law)"; Count III, "False Claims Act and Whistle Blower"; and, Count VI, "U.S. Common Law and Federal Tort Claims Act Violate Hague Convention and Due Process." (*See* Mot. to Dismiss at 2–4.)

[6] The opposition brief does however contain a discussion that seems to suggest some inherent conflict between the False Claims Act and plaintiff's constitutional rights. (*See* Opp. to Mot. to Dismiss at 18–21.) Given that the Court today only considers a motion to dismiss Federal Defendants—not L-3—from this suit, plaintiff's argument is premature.

B.     **Plaintiff's Motion for Enlargement of Time to Seek Class Certification**

Plaintiff requests that the Court permit him until August 29, 2008 to file a motion for class certification. (See Mot. [9] at 1.) District courts have discretion in determining whether to grant a motion for extension of the ninety day deadline for filing a motion for certification. *See* LCvR 23.1(b); *see also Howard v. Gutierrez*, 474 F. Supp. 2d 41, 53 (D.D.C. 2007) (explaining that "Local Rule 23.1(b) and its predecessors have been strictly applied in this Circuit") (citations omitted).

In this case, the Court, in its discretion, finds that plaintiff's motion should be denied. Plaintiff neglected to follow the specific requirements established by this District for filing complaints containing class action allegations. *See* LCvR 23.1(a). Such complaints must include a separate heading titled "Class Action Allegations" and contain a reference to the provisions of Federal Rule of Civil Procedure 23 that would support maintenance of a class action.[7] *See* LcvR 23.1(a)(1). While plaintiff's complaint at times makes passing reference to "the class of employees he represents," (*see* Compl. ¶ 42), and mentions that he brings suit on behalf of a similarly situated class of employees, (*see id.* ¶ 79), plaintiff ignores the requirements of Local Rule 23.1(a). In light of plaintiff's non-compliance with this District's Local Rules for making class action allegations, the motion for enlargement of time will be denied.

---

[7] Appropriate allegations that would justify a class action include but are not limited to (i) the approximate size and definition of the alleged class; (ii) the basis upon which plaintiff is an adequate representative of the class; (iii) the alleged questions of fact claimed to be common to the class; and (iv) in an action maintained under Rule 23(b)(3), allegations required by that rule. LCvR 23.1(a)(2).

### C.   L-3 Communications' Motion for a More Definite Statement

Defendant L-3, alleging that the complaint's lack of specificity deprives L-3 of fair notice of the allegations against it, requests a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Under Rule 12(e), a court will order a more definite statement where the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e); *see Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86, 110 (D.D.C. 2003) (noting that a Rule 12(e) motion should not be granted for "mere lack of detail," but rather for "unintelligibility"). Additionally, to the extent that plaintiff pursues a fraud claim against L-3, plaintiff's claim must state with particularity the circumstances constituting the fraud. *See* FED. R. CIV. P. 9(b).

Having reviewed plaintiff's complaint, this Court finds that L-3 would be unfairly prejudiced if it were asked to prepare a meaningful response at this time.[8] Thus, L-3's unopposed motion for a more definite statement will be granted and plaintiff will be given leave to cure his pleading's deficiencies.

---

[8] For example, in Count I, plaintiff contends that L-3 "perpetrated a 'deception' upon plaintiff by telling him he would be a translator in Kuwait when in fact he was being sent to be a spy [in] Iraq." (Compl. ¶ 31.) The complaint is devoid of any details of how the alleged fraud was perpetrated.

Likewise, in Count III, plaintiff brings a False Claims Act cause of action alleging that L-3 over-billed the government by misrepresenting the status of employees' security clearances, (*see id.* ¶ 50), but fails to specify the "who, what, when, where, and how" with respect to this fraud. *See McQueen v. Woodstream Corp.*, 244 F.R.D. 26, 34 (D.D.C. 2007) (requiring these details pursuant to Rule 9(b)); *see also United States ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 551–52 (D.C. Cir. 2002) (noting that False Claims Act pleadings must be plead with the particularity required by Rule 9(b)).

L-3 directs the Court's attention to similar shortcomings throughout plaintiff's complaint.

### III.     CONCLUSION

For the reasons discussed in this Opinion, the Court will GRANT both Federal Defendants' motion to dismiss and L-3's motion for a more definite statement.  Plaintiff's motion for enlargement of time to file a motion for class certification will be DENIED.

A separate order shall issue this date.


Signed by Chief Judge Royce C. Lamberth, July 23, 2008.