UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARK SHALLAL,<br><br>       Plaintiff,<br>v.<br><br>ROBERT GATES, et al.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:07-cv-02154 (RCL)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO STRIKE AND TO DISMISS

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Defendant L-3 Services, Inc., formerly known as L-3 Communications Titan Corporation and erroneously sued as "L-3 Communications (Titan Group)" (hereinafter "L-3"), hereby moves to strike Plaintiff Mark Shallal's "Response to L-3 (Titan) Unopposed Motion for More Definite Statement by Mark Shallal" (and Plaintiff's purported affidavit in support thereof), to strike Plaintiff's Complaint, and to dismiss this action with prejudice as against L-3.

L-3 filed an unopposed motion for more definite statement as to Plaintiff's Complaint. This Court granted L-3's motion, and ordered Plaintiff to file a more definite statement within ten days. Plaintiff failed to file an Amended Complaint in compliance with that Order (and applicable caselaw). Instead, Plaintiff filed a document entitled "Response to L-3 (Titan) Unopposed Motion for More Definite Statement by Mark Shallal" and a document that purports to be a supporting affidavit of Plaintiff. These ineffectual documents purport to clarify the claims set forth in Plaintiff's Complaint. However, under Rule 12(e) and as clarified by

applicable caselaw, by failing to file an amended *pleading*, Plaintiff has failed to obey this Court's Order that he cure the deficiencies in his Complaint.

For this reason, as explained in further detail in the attached memorandum of points and authorities, L-3 requests that this Court issue an order striking Plaintiff's "Response to L-3 (Titan) Unopposed Motion for More Definite Statement" (and Plaintiff's purported affidavit in support thereof), striking Plaintiff's Complaint, and dismissing this action with prejudice as against L-3.

Date: August 18, 2008                                           Respectfully submitted,

                                                                /s/_____
                                                                Matthew H. Sorensen, Esq. (DCB 492130)
                                                                John F. Scalia, Esq. admitted *pro hac vice*
                                                                GREENBERG TRAURIG, LLP
                                                                1750 Tysons Blvd., Suite 1200
                                                                McLean, VA  22102
                                                                Phone:  (703) 749-1300
                                                                Fax:  (703) 749-1301
                                                                Email:  sorensenm@gtlaw.com
                                                                Email:  scaliaj@gtlaw.com

                                                                *Counsel for Defendant L-3 Services, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARK SHALLAL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:07-cv-02154 (RCL) |
| ) | |
| ROBERT GATES, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO STRIKE AND DISMISS**

Defendant L-3 Services, Inc., formerly known as L-3 Communications Titan Corporation and erroneously sued as "L-3 Communications (Titan Group)" (hereinafter "L-3"), hereby submits this memorandum of points and authorities in support of its motion to strike Plaintiff's "Response to L-3 (Titan) Unopposed Motion for More Definite Statement" (and Plaintiff's purported affidavit in support thereof), to strike Plaintiff's Complaint, and to dismiss this action with prejudice as against L-3.

Under Rule 12(e) of the Federal Rules of Civil Procedure, if this Court orders a plaintiff to file a more definite statement and the plaintiff fails to obey that order within the time set by the Court, the Court may strike the pleading or issue any other appropriate order. Here, Plaintiff has failed to obey this Court's order that he cure the deficiencies in the Complaint (as identified in L-3's Motion for More Definite Statement), by amending his Complaint to set forth a more definite statement of his claims. Plaintiff merely has filed a "Response to L-3 (Titan) Unopposed

Motion for More Definite Statement" accompanied by a purported affidavit of Plaintiff.[1]  These documents do not constitute an amended *pleading*, as required by Rule 12(e) and applicable caselaw.  As such, Plaintiff has failed to obey this Court's order and, thus, failed to cure the deficiencies in the Complaint.  Accordingly, pursuant to Rule 12(e) and applicable caselaw, this Court should strike Plaintiff's "Response to L-3 (Titan) Unopposed Motion for More Definite Statement" (and Plaintiff's purported affidavit in support thereof), strike Plaintiff's Complaint, and dismiss this action with prejudice as against L-3.

## PROCEDURAL BACKGROUND

Plaintiff filed the Complaint in this action on November 29, 2007, alleging seven separate counts and seeking relief under numerous statutes, treaties, and common law theories of recovery.  [Docket No. 1.]  Plaintiff served the Complaint on L-3 on or about January 10, 2008.  [Docket No. 4.]

L-3 responded to the Complaint on February 6, 2008, filing an unopposed motion for more definite statement of Plaintiff's claims.[2]  [Docket No. 6.]  L-3's motion identified numerous deficiencies in the Complaint that rendered the pleading so vague and ambiguous that L-3 could not reasonably be required to frame a responsive pleading.  [Id.]

This Court granted L-3's motion, by order dated July 23, 2008 (the "Order"), for the reasons set forth in L-3's motion and accompanying memorandum of points and authorities.  [Docket Nos. 24 and 25.]  In its Order and accompanying memorandum opinion, the Court gave

---

[1]  The purported affidavit does not bear an original signature or a photocopied signature of the purported affiant.  Rather, the document only bears an electronic signature.

[2]  By order dated February 1, 2006, the Court extended the time for L-3 to respond to the Complaint from January 30, 2008 until February 6, 2008.

Plaintiff ten days to file an amended pleading setting forth a more definite statement of his claims.

On August 3, 2008, Plaintiff filed a document entitled "Response to L-3 (Titan) Unopposed Motion for More Definite Statement by Mark Shallal" and a supporting document purporting to be an affidavit of Plaintiff.  [Docket Nos. 26 and 27.]  These documents, which purport to clarify the allegations in the Complaint, consist largely of Plaintiff's speculation and legal conclusions.  They also fail to untangle those counts of the Complaint that allege incomprehensible claims based on a multitude of purported, yet ill-defined United States and international laws, and, therefore, provide L-3 with no more ability (and arguably even less of an ability) to respond to Plaintiff's claims.  Most importantly, however, Plaintiff has failed to file an amended ***pleading*** setting out a more definite statement of his claims, as required by Rule 12(e) and applicable law.

## ARGUMENT

Rule 12(e) provides that "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the responding party may move for a more definite statement."  Fed. R. Civ. P. 12(e).  When a court grants a motion for more definite statement, the party who filed the deficient pleading must ***amend the pleading*** to add sufficient detail to address and cure the pleading's deficiencies.  *See Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D.Tex. 2000) ("[t]o comply with an order for a more definite statement, 'the party must submit ***an amended pleading*** containing sufficient detail to satisfy the court and to meet his opponent's valid objections to the earlier pleading.'") (emphasis added).  If the party who filed the pleading about which the court ordered a more definite

3

statement fails to obey the court's order by amending the pleading in a timely manner, the court may strike the pleading and dismiss the lawsuit. Fed. R. Civ. P. 12(e); *Sefton*, 204 F.R.D. at 106.

Here, Plaintiff has failed to file an ***amended pleading*** curing the deficiencies in his Complaint, as required by this Court's Order and Rule 12(e). Instead, he ineffectually filed documents that attempt (but largely fail) to clarify and elaborate on the allegations in the Complaint. These documents fail to satisfy the requirement that Plaintiff file an ***amended pleading***.

Plaintiff's "responsive" documents are substantively and procedurally insufficient. Because they contain additional allegations, which are not actually a part of the Complaint (or an amended pleading) and are not set forth in separately numbered paragraphs corresponding to the paragraphs of the Complaint, those documents utterly deprive L-3 of the ability to formulate a response. Even if L-3 were able to correspond each allegation in the purported affidavit with a corresponding allegation in the Complaint (which would be virtually impossible), L-3 still could not properly respond to allegations that are not actually in the Complaint (or an amended pleading). Furthermore, neither the "Response to L-3 (Titan) Unopposed Motion for More Definite Statement" nor Plaintiff's purported supporting affidavit untangles those counts of the Complaint (see, for example, Count I) that allege multiple claims under multiple statutes, treaties, and common laws. As such, Plaintiff's lawsuit remains so vague and confusing that L-3 is utterly unable to respond. In fact, Plaintiff's "responsive" documents render Plaintiff's lawsuit even more vague and confusing, and make it even more difficult for L-3 to respond to the allegations leveled against it. Even worse, to respond to the claims in the Complaint, as further "explained" in Plaintiff's "responsive" documents, L-3 would be forced to redraft - indeed, re-

4

plead - Plaintiff's Complaint for him. Such an impracticable, prejudicial endeavor is not required by Rule 12(e) and is contrary to the Federal Rules of Civil Procedure generally.

Plaintiff was required to file an ***amended pleading*** curing the deficiencies set forth in L-3's motion for a more definite statement and this Court's Order. He failed to do so. Accordingly, pursuant to Rule 12(e), this Court should strike Plaintiff's "Response to L-3 (Titan) Unopposed Motion for More Definite Statement" (and supporting "affidavit"), strike Plaintiff's Complaint, and dismiss this action with prejudice as against L-3.

## CONCLUSION

For the foregoing reasons, L-3 respectfully requests that the Court: (1) strike Plaintiff's "Response to L-3 (Titan) Unopposed Motion for More Definite Statement" and Plaintiff's purported affidavit in support thereof; (2) strike Plaintiff's Complaint; and (3) dismiss Plaintiff's lawsuit with prejudice as against L-3.

Date:  August 18, 2008                                Respectfully submitted,

/s/
Matthew H. Sorensen, Esq. (DCB 492130)
John F. Scalia, Esq. admitted *pro hac vice*
GREENBERG TAURIG, LLP
1750 Tysons Blvd., Suite 1200
McLean, VA  22102
Phone:  (703) 749-1300
Fax:  (703) 749-1301
Email:  sorensenm@gtlaw.com
Email:  scaliaj@gtlaw.com

*Counsel for Defendant L-3 Services, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK SHALLAL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:07-cv-02154 (RCL) |
| | ) |
| ROBERT GATES, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

Upon consideration of the Motion to Strike of Defendant L-3 Services, Inc., formerly known as L-3 Communications Titan Corporation and erroneously sued as "L-3 Communications (Titan Group)" and all papers submitted by the parties in support thereof and in opposition thereto, it is hereby

ORDERED that Defendant's Motion to Strike is GRANTED; and it is

FURTHER ORDERED that Plaintiff's Complaint and Response to L-3 (Titan) Unopposed Motion for More Definite Statement be and hereby are stricken; and it is

FURTHER ORDERED that the Complaint be and hereby is Dismissed With Prejudice in its entirety.

ENTERED THIS _____ DAY OF _____, 2008.

_____
United States District Judge