## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————————

|  |  |  |
|---|---|---|
| **MARK SHALLAL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-2154 (RCL)** |
| | ) | |
| **ROBERT GATES,** | ) | |
| **Secretary of Defense, *et. al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

—————————————————————

### MEMORANDUM OPINION

Pending before the Court is defendant L-3's motion [28] to strike the plaintiff's complaint and to dismiss the action.  The plaintiff has also moved [34] to add Northrop Grumman as a defendant.  Upon consideration of the motion [28], the opposition [33], the reply [36], the surreply [42], the entire record herein, and applicable law, the Court will GRANT the defendant's motion and dismiss the action with prejudice.  The Court will DENY plaintiff's motion to add Northrop Grumman as a defendant.

## I.    PROCEDURAL BACKGROUND

Plaintiff Shallal filed a complaint alleging seven separate counts and seeking relief under various laws, statutes, and treaties on November 29, 2007.  Defendant L-3 filed a motion for a more definite statement under Federal Rule of Civil Procedure 12(e) on February 6, 2008.[1]  On

———————————————

[1]Federal Rule of Civil Procedure 12(e) states: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response.  The motion must be made before

July 23, 2008, this Court granted the motion, noting that the Court has discretion to grant a Rule 12(e) motion when a complaint is "unintelligible" and that there were numerous shortcomings in the plaintiff's complaint. (Order [24] at n.8.)  On August 3, 2008, the plaintiff filed a document styled "Response to L-3 Unopposed Motion for More Definite Statement by Mark Shallal" and a supporting affidavit. (Docket entry [27].)  Following the plaintiff's filing, defendant L-3 filed a motion to strike the complaint for failure to comply with Rule 12(e) and to dismiss the case with prejudice. (Docket entry [28].)  In response, on September 28, 2008, the plaintiff filed an opposition arguing that Rule 12(e) does not require an amended complaint and therefore its earlier "response" constituted a "more definite statement" for the purposes of Rule 12(e). (Mem. in Opp. [33] at 1.)   In the alternative, the plaintiff filed an amended complaint and argued that the defendant's motion was therefore moot. (Mem. in Opp. at 2.)  This Court holds that (1) the plaintiff's August 3, 2008 "response" to the motion for a more definite statement did not comply with the Federal Rules of Civil Procedure, (2) his "amended complaint" filed in opposition to the motion to dismiss similarly does not comply with the Federal Rules of Civil Procedure and does not state a coherent claim that might entitle plaintiff to relief, and (3) because the plaintiff has had three tries to state an intelligible claim but has failed to do so, the Court has no confidence that the plaintiff will ever comply[2] with the Federal Rules of Civil Procedure.  The Court will

---

filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."

[2]Plaintiff's counsel is currently suspended by the D.C. Circuit.  (Ex. to Def.'s Reply.)  He has already served his suspension with the United States District Court for the District of Columbia for the same infraction and as a result was allowed to file documents in this case.

grant the defendant's motion to strike the complaint and dismiss the action with prejudice pursuant to Rule 12(e).[3]

## II.   ANALYSIS

### A.   Plaintiff's August 3, 2008 filing did not Cure the Defects in the Complaint

As noted above, this Court has already held that the plaintiff's original complaint was deficient in many key respects.  (*See* Order [24] at n.8.)  The plaintiff's additional "response," filed on August 3, 2008, did not cure these defects.

The defendant argues that the plaintiff's response to the motion for a more definite statement did not comply with Rule 12(e) on its face because the response was not an amended pleading. (Mot. to Dismiss at 4.)  Certainly, other federal courts have held that an *amended pleading* is required.  *E.g., Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000); *F.D.I.C. v. Reiner*, 144 F.R.D. 599, 600 (D. Me. 1992).  It appears that no court in the D.C. Circuit has ruled on this issue, however, and Rule 12 does not explicitly require an amended pleading.[4] Nevertheless, the Court need not reach that issue in this case because at a very minimum the plaintiff must cure the defects that rendered the original complaint "vague and ambiguous."  The plaintiff's response to the order for a more definite statement failed to cure the defects in this

---

[3]The complaint and amended complaint also fail to state a claim upon which relief could be granted.

[4]Whether or not it is required, the Court agrees that a "unitary pleading capable of standing alone" is preferable to two separate documents, because separate documents require the Court and opposing counsel "to be beset with uncertainties and ambiguities as to how the provisions of the two documents are intended to mesh."  *Reiner*, 144 F.R.D. at 600 (D. Me. 1992).

case.

Shallal's "response" and the attached affidavit fail to clarify the pleading.  The "affidavit," which does not contain an original signature, is in the form of a bullet-point outline and lists many alleged events that the plaintiff was involved in but does not make specific, comprehensible claims against the defendant.  A complaint should be a "short and plain statement of the claim showing that the pleader is entitled to relief" and make "a demand for the relief sought."  Fed. R. Civ. P. 8(b)(1) & 8(b)(2).  A pleading should also state a party's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  In this case, the plaintiff's complaint and supplemental response is neither short, plain, nor does it specify what relief the plaintiff seeks as compensation for much of the alleged wrongdoing.  In addition, the response does not set out the plaintiff's claims in numbered paragraphs.  The "response" is no more clear than the plaintiff's original complaint.

As a result of the plaintiff's failure to comply with the Court's order and file a responsive pleading, the defendant argues that the Court should strike the pleading.  Fed. R. Civ. P. 12(e). If the "pleading to be stricken is the complaint, the sanction has the effect of a dismissal of the action."  Charles Alan Wright & Arthur R. Miller, 5C Federal Practice & Procedure § 1379 (2008).  The plaintiff argues, however, that because he subsequently filed an amended complaint in response to the motion to strike and dismiss, the defendant's motion to strike the original complaint and response is now moot.  Defendant is correct that although the general rule is that a plaintiff may file an amended pleading once as a matter of right, there is some authority for striking a complaint and dismissing an action as a sanction for failure to comply with Federal Rule of Civil Procedure 12(e), even after the plaintiff has filed an amended pleading.  *Thompson*

*v. Johnson,*[5] 253 F.2d 43 (D.C. Cir. 1958).  As a result, this case would present a difficult

question if the plaintiff, after not complying with Rule 12(e) and the Court's order, had later filed

an amended complaint that did state a coherent claim and comply with the Federal Rules.

Nevertheless, the Court is not presented with this question because, even considering the

amended complaint, the plaintiff has failed to comply with Rule 12(e) and has failed to state a

coherent claim.

### B.      Plaintiff's Amended Complaint Does not Comply with the Federal Rules of Civil Procedure

Plaintiff's amended complaint has ballooned to fifty-six pages but is no more

comprehensible than the first complaint and contains pages of unnecessary, vague, and

ambiguous information.  For example,[6] pages 17-22 of the plaintiff's complaint are class action

allegations.  (*See* Docket entry [32].)  This Court has already ruled that the plaintiff's time for

making class action allegations has expired because of his failure to comply with Local Rule

---

[5]In *Thompson*, the D.C. Circuit was presented with circumstances similar to the circumstances presented in this case.  By court order, the plaintiffs were given twenty days to file a more definite complaint.  The plaintiffs did not comply with the court's order but did file an amended complaint two months later.  After the amended complaint was filed, the district court granted the defendants' motion to dismiss and struck the plaintiffs' amended complaint because of their failure to comply with the Court's earlier order.  The D.C. Circuit, in a per curiam opinion, held that there was "no error in the disposition of the case."  253 F.2d 43 (D.C. Cir. 1958).

[6]The Court will not discuss every claim alleged in plaintiff's complaint because the complaint fails to comply with the Federal Rules of Civil Procedure.  It is not the Court's job to wade through pages of incoherent gobbledy-gook in search of a single claim that may have merit. The plaintiff's third attempt at complying with the Federal Rules was wildly unsuccessful, indicating that he will never be able to make out a coherent claim which would entitle him to relief.

23.1(b).[7]  (Docket entry [24] at 6.)   In Count II (pages 25-40 of the amended complaint), Shallal

alleges various violations of Iraqi and Arab Treaty Law.  Shallal does not make clear, nor is the

Court able to discern, how these violations, even if true, would allow Shallal to recover in federal

court in the United States.[8]  Count III, tortious interference with contractual relations, is

nonsensical.[9]  Count IV, "slavery and human trafficking," is a paragon of inartful pleading.

Plaintiff appears to misapprehend the definition of slavery and human trafficking and believes

that the defendant's actions give rise to a claim under this count in part because of a purported

statement by management to plaintiff that "we own you."  (Am. Compl. ¶ 151.)  He makes

numerous allegations that do not appear to resemble any legal theory, and then demands damages

under the "(1) the Thirteenth Amendment of the United States Constitution, (2) the Protocol, 3)

customary international law, 4) Kuwaiti law, and 5) Michigan, District of Columbia and/or

Virginia common law." (Am. Compl. ¶ 163.)  This count is but a mere example of the plaintiff's

confusing, vague, overbroad, rambling, and ambiguous language.  The Court could not in good

conscience require the defendant to answer the complaint.

### C.   Plaintiff's Repeated Disregard for the Federal Rules of Civil Procedure Justifies Striking the Complaint and Dismissing the Action

The defendant has moved for the Court to strike the plaintiff's complaint and dismiss the

---

[7]Rule 23.1(b) requires a plaintiff to file a motion for class action certification within 90 days of filing the complaint.  Plaintiff's complaint was filed 11/29/2007 and the time for class action certification has long since passed.

[8]Shallal inserts voluminous provisions from the Iraqi labor code, another example of not complying with Federal Rule of Civil Procedure 8(d).

[9]Shallal asserts that "Titan interfered with Shallal's concurrent contractual relationship with Northrop Grumman by terminating him while his paperwork was still pending." (Am. Compl. ¶ 148.)

action.  The Court's authority to take this action is explicit from the very language of Rule 12(e) ("If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.").  *See also Thompson v. Johnson*, 253 F.2d 43 (D.C. Cir. 1958); Charles Alan Wright & Arthur R. Miller, 5C Federal Practice & Procedure § 1379 (2008).  The Court recognizes that striking a complaint and dismissing the action for failure to comply with a court order and the Federal Rules is a somewhat unusual remedy.  However, the Court granted the defendant's motion for a more definite statement on July 23, 2008.  Since that time, the plaintiff has made two attempts to file a coherent complaint.  Taking into account the original complaint, the plaintiff has now had three chances to file an intelligible claim and has failed to do so.  The plaintiff does not appear to be getting any closer to stating a valid claim that could require a response from a defendant or withstand a motion for a more definite statement.  The Rule 12(e) remedy of striking the complaint is not toothless and does not require the Court to wait in perpetuity and give the plaintiff an infinite number of chances to file an actionable claim.  Thus, because the plaintiff has been given multiple opportunities to state a coherent claim and has failed to do so, has failed to follow the Federal Rules of Civil Procedure, has failed to comply with court orders, and because the Court does not believe that the plaintiff will ever state a claim upon which relief could be granted, the Court will strike the complaint and dismiss the action with prejudice pursuant to Rule 12(e).[10]

_____

[10]Alternatively, because the defendant's motion is both a motion to strike and to dismiss, the Court could characterize the motion as a Rule 12(b)(6) motion for failure to state a claim. Indeed, the plaintiff's amended complaint could be dismissed on this basis.  Even accepting the plaintiff's allegations as true, as is required at the motion to dismiss stage, the plaintiff has failed to plead "facts to state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v.*

Finally, the plaintiff has moved to add Northrop Grumman as a defendant in this case. (Docket entry 34.)  That motion will be denied because the only claims against Northrop Grumman are the claims relating to violations of Iraqi and Arab labor code and treaty laws. (Am. Compl. ¶ 5.)  As discussed above, the claims based on the Iraqi labor code are nonsensical, do not comply with the Federal Rules of Civil Procedure, and it is unclear how these violations, if true, would entitle plaintiff to relief in United States courts.

## III.    <u>CONCLUSION</u>

Plaintiff Shallal has failed to comply with the Court's order pursuant to Federal Rule of Civil Procedure of 12(e) for a more definite statement.  The plaintiff's "response" and amended complaint are unintelligible, do not comply with the requirements of the Federal Rules,[11] and do not state a claim.  Accordingly, the Court will GRANT the defendant's motion and strike the complaint and DISMISS the action.  Plaintiff's motion to add Northrop Grumman as a defendant will be DENIED as moot.

A separate order shall issue this date.

SO ORDERED.


Signed by Chief Judge Royce C. Lamberth, November 19, 2008.

_____

*Twombly*, 127 S. Ct. 1955, 1974 (2007).

[11]Fed. R. Civ. P. 8(d)(1) and 12(e).